UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| Mary Ellen Costa and Roberta Sullivan, Individually and on behalf of the members of Local 9 of the Service Employees International Union, <br><br> *Plaintiffs* <br><br> v. <br><br> The Service Employees International Union, <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFFS' FIRST MOTION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR ORAL ARGUMENT

The Plaintiffs respectfully move this Honorable Court to issue a Temporary Restraining Order, and in support state as follows:

1.  The Plaintiffs have this day filed a Verified Complaint for a Temporary Restraining Order, Preliminary Injunction and a Permanent Injunction, and memorandum in support thereof, and related pleadings.

2.  As indicated in the Motion for Preliminary Injunction and memorandum in support, immediate and irreparable harm is and will continue to be suffered by the Plaintiffs and the members of SEIU Local 9 before this matter can be heard on the Motion for Preliminary Injunction.

3.  In addition, the Plaintiffs have received notice from the SEIU that they are being

charged with and will be tried for alleged offenses against the International as a result of their responses and reactions to their removal from office by the SEIU, their opposition to the officers appointed by the SEIU after their removal, and their objections to the SEIU's attempt to control the process of creating a local constitution and bylaws and the its refusal to review and approve the proposed Local 9 Constitution and Bylaws submitted on December 17, 2003. (See Exhibit Z attached, and the Affidavits of Mary Ellen Costa and Roberta Sullivan attached.)

4. If the Plaintiffs succeed on the merits of their Verified Complaint, and it is determined that their removal from office, and the SEIU's takeover of the process of creating a local constitution and bylaws, and the SEIU's refusal to review the proposed Local 9 Constitution and Bylaws were wrongful, then the current charges against the Plaintiffs will be without merit, since they stem from the Plaintiffs' actions in response to the wrongful actions of the SEIU alleged in the Verified Complaint.

5. The trial is scheduled for March 15, 2004, at 5:00 PM, and will be conducted by Christine Boardman, a hearing officer appointed by the SEIU President, who will ultimately make the determination on the validity of the charges and the discipline that will be administered in the event of guilty finding. (See Exhibit Z attached, and the Affidavits of Mary Ellen Costa and Roberta Sullivan attached.)

6. The trial is to be conducted outside of the jurisdiction of the Local union, under the same provisions of the SEIU Constitution and Bylaws as the prior trial against the Plaintiffs, which is contrary to the International Constitution and Bylaws except where the president should determine that the charges involve a situation which may seriously jeopardize the local union, or that the hearing procedure will not completely protect the interests of a member, officer or local.

In this case, the Plaintiffs respectfully submit that the International has retained jurisdiction only because the International President and Representatives know that the Plaintiffs would not be convicted in a trial before the Local 9 membership. (See Exhibit Z attached, and the Affidavits of Mary Ellen Costa and Roberta Sullivan attached.)

7. The Plaintiffs anticipate based upon their treatment by President Stern and other International representatives and officers as alleged in their Verified Complaint, and because President Stern, on the basis of a report and recommendation from Christine Boardman, will again be the ultimate decision maker, that they will be found guilty of the charges, and that they will be discharged from membership in their union, Local 9, and that they will then be unable to run for a local union office, which the Plaintiffs submit is the ultimate goal of the International in this case. (See the Affidavits of Mary Ellen Costa and Roberta Sullivan attached.)

8. For the reasons stated in their memorandum in support of their motions for a temporary restraining order and a preliminary injunction, the Plaintiffs are likely to succeed on the merits of their Verified Complaint. If so, the Plaintiffs will be reinstated to office and cannot be fairly tried on the current charges.

9. If the International is allowed to proceed with this trial, the Plaintiffs will suffer immediate and irreparable harm not only as a result of the harm to their reputations from the trial itself, but also because they are likely to be expelled from their local union membership, and will be denied the rights to such membership protected by the provisions of the Labor-Management Reporting and Disclosure Act. 29 U.S.C. § 401 et. seq.

10. The enjoinment of the trial for the limited period of a temporary restraining order, in order to allow for a hearing on the motion for a preliminary injunction, will cause no

discernable harm to the SEIU.

WHEREFORE, the Plaintiffs respectfully move this Honorable Court to issue a Temporary Restraining Order restraining the Defendant from further processing the charges against the Plaintiffs, from proceeding with the trial of the Plaintiffs, from conducting any trials of the Plaintiffs, from administering any discipline against the Plaintiffs or taking any adverse action against the Plaintiffs.

The Plaintiffs request oral argument in support of this motion.

                              Respectfully submitted,
                              Plaintiffs,
                              by their counsel,

3/9/2004
Date

James F. Norton   (BBO # 374190)
Paven & Norton
15 Foster Street
Quincy, MA 02169-5307
(617) 770-0000 Ext. 124



**Stronger Together**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

PATRICIA ANN FORD
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
AFL-CIO, CLC

1313 L Street, N.W.
Washington, D.C. 20005

202.898.3200
TDD: 202.898.3481
www.SEIU.org

# APPOINTMENT OF HEARING OFFICER AND NOTICE OF INTERNAL CHARGES

TO:  Charging and Charged Parties, SEIU Local 9
     Boston, Massachusetts

Attached please find a copy of internal union charges dated February 17, 2004, and amended internal union charges dated March 2, 2004, filed with the International Secretary-Treasurer by Local 9 Interim President Lorraine Riley and Local 9 Interim Secretary-Treasurer Eileen Ridge against Local 9 members and former interim officers Mary Ellen Costa and Roberta Sullivan.

The charges allege, among other things, that the charged parties have failed to deliver property belonging to Local 9 to the Local's current interim officers, have refused to recognize the duly appointed officers of Local 9, have continued to hold themselves out as officers of Local 9, have jeopardized members' grievances by failing to turn over grievance records to Local 9's interim leadership, have maintained a website that falsely claims to be the official website of Local 9, made substantial withdrawals from the Local's bank account in the days preceding the expiration of their terms of office, and made substantial and possibly unauthorized and/or improper payments to themselves and their counsel. The interim officers of Local 9 have requested that the undersigned assume jurisdiction over the charges pursuant to Article XVII, Section 2(f) of the International Union Constitution and Bylaws.

I conclude that the requirements for the assumption of original jurisdiction under Article XVII have been met, and I therefore assume jurisdiction over these charges and amended charges, and appoint International Executive Board member Christine Boardman as Hearing Officer.

The internal charges, as amended by the charging parties, will be heard as follows:

**DATE and TIME:**   March 15, 2004 – 5:00 p.m

**PLACE:**   SEIU Conference Center
21 Fellows Street (at corner of Northampton Street)
Boston, MA

Exhibit Z, Page 1

Upon the conclusion of the hearing, the Hearing Officer will make a report and recommendations to me, orally or in writing, on the proper disposition of the charges. I will make the ultimate decision on the charges.

Dated in Washington, D.C. this 4th day of March, 2004.

*[signature]*

Andrew L. Stern
International President


Attachments

cc:   Christine Boardman, Hearing Officer
      Anna Burger, International Secretary-Treasurer
      Norm Gleichman, Associate General Counsel

**Local 9**

**SEIU**

*Stronger Together*

February 17, 2004

<u>VIA FACSIMILE (202-898-3323)</u>

<u>AND U.S. MAIL</u>

Anna Burger, Secretary Treasurer

SEIU, AFL-CIO

1313 L. Street, N.W.

Washington, D.C. 20005

**Re: SEIU Local 9**

Dear Ms. Burger:

Lorraine Riley
Interim President

     The purpose of this letter is to submit charges against former interim officers of Local 9, SEIU: Mary Ellen Costa and Roberta A. Sullivan (hereinafter Costa and Sullivan or the former interim officers).

Eileen Ridge
Interim
Secretary
Treasurer

1. On or about February 3, 2004 Interim Secretary Treasurer of SEIU Local 9, Eileen Ridge forwarded a letter (attached as Exhibit A) demanding that Mary Ellen Costa contact her to arrange for the orderly transfer by the former officers of Local 9, assets including all records, office keys, websites, phones and office equipment. Ridge reiterated in the letters that she wanted the meeting to occur "this week". She left a phone number. Ms. Ridge has received no response to this letter.

2. On February 9, 2004 Local 9's legal counsel wrote to counsel for the former interim officers, with a copy to Mary Ellen Costa reiterating the demands of Eileen Ridge's February 3, 2004 which, was attached to counsel's letter. Counsel's letter (attached as Exhibit B) demanded that the former Interim Officers provide Local 9 with all the items requested in Ms. Ridge's letter of February 3, 2004, and further directed the former interim officers to cease and desist from operating Local 9s website and publishing false and defamatory information about Union Members and others on the website and elsewhere. The former interim officers were further advised that their continued use of the SEIU logo violates applicable law, and that if Local 9 members were prejudiced in any way because the former interim officers did not transfer records, such as grievance files or other materials, the former interim officers would be held liable for any and all damages. The former interim officers have failed in any way whatsoever to respond to these requests.

145 Tremont Street
Suite 202
Boston, MA 02111
Telephone: 617.482.4471
Fax: 617.482.6521

Exhibit Z, Page 3

3. On the contrary they continue to hold themselves out as the lawful representatives of Local 9. They continue, without authorization, to operate the SEIU Local 9 website and hold themselves out as the lawful representative of SEIU including use of the trademark protected SEIU logo.

4. A copy of their Newsletter pages which we have printed off of the Local 9 website, (Exhibit C) further confirms their continuing attacks on the SEIU International Union and the Interim Local officers while they also serious misrepresent facts to the members. For example they claim that Boston Medical Center is maintaining a position of "complete neutrality" with regard to who the Union is, which is untrue, inasmuch as Boston Medical Center has recognized the newly appointed interim officers as the lawful representatives of Local 9.

5. The former interim officers also have represented on the website that SEIU has no authority to revoke the offices of the former interim officers and no authority to appoint interim officers and has no authority to direct members to send their Union dues to these appointees appointed by President Stern.

6. Their website is also full of gratuitous attacks on a number of the newly appointed interim officers.

7. The former interim officers continue to suggest that Local 9 is being run by the International so they can merge Local 9 into the Local 2020 which they know to be untrue.

8. They've encouraged members to defy the appointments of interim officers and sign a petition indicating that the former interim officers should be recognized as the officers of the Local.

9. Further the former interim officers state with regard to President Stern's appointment that "...we do not recognize these appointments and will continue to represent those that have elected us", they represent in the website that SEIU Local 9 will be "communicating with you only via the website or the info line or in person."

10. A call to the SEIU Local information line reveals the following recording indicating the former interim officers still holding themselves out as Local 9:

> "Welcome to the Nurses Local SEIU Local 9 information line. Did you cast your ballots in good faith. It appears the International doesn't think so, because they have decided to *appoint* leadership for you. Your elected officers of Local 9 are still doing business as usual visit our website for more details at www.seiulocal9.org
>
> If you have comments or opinions of which to have your voice counted call and e-mail the Local at seiunurselocal9@yahoo.com. The next scheduled membership meeting is Wednesday, February 18th 5 to 8 p.m.
>
> If you want Mary Costa press 2;
>
> If you want Mary Ellen Costa just wait for the tone....."

11. The website also announces that the next Local 9 membership meeting will be on February 18, 2004 between 5 p.m. and 8 p.m. representing another example of the former interim officers unlawfully refusing to relinquish their former status.

**Exhibit Z, Page 4**

12. I've also attached the "About Us" page of the website posting the former interim officers as current officers. (Exhibit D)

13. Also attached is the Bylaw page of the website holding out the former interim officers bylaws that were never approved by the International Union as the actual bylaws of Local 9. (Exhibit E)

14. In addition we have attached a printout from the Local's savings bank account (Exhibit F) indicating that substantial withdrawals were made from the Local 9 bank account including $5,000 on January 23, 2004 and $5,000 on January 30, 2004. Without access to the Union's records we cannot assess or appraise this distribution of funds. We are deeply concerned that the newly appointed interim leaders cannot properly fulfill their fiduciary responsibilities to ensure that funds have not been misappropriated without access to the Union's records which the former interim officer refuse to provide.

15. Finally, the actions of the former interim officers place the local's membership at great risk. Without records of grievances, arbitrations and other matters involving representation of our members, our members are at risk of being deprived of significant rights because the new interim officers did not have information necessary to make judgments about how to move cases through the grievance procedure in a timely fashion and to otherwise properly represent our members consistent with our legal responsibilities to them. This behavior, which we described above is grossly inappropriate and irresponsible to the members we are trying to represent.

16. We respectfully respect that the above named individuals be brought up on charges, before the appropriate Hearing Officer designated by President Stern. The former interim officers should be directed to turn over any and all Local 9 property, assets, documents, materials of any kind whatsoever and that the former interim officers be ordered to cease and desist from operating the Local's website and or holding themselves out as officers or representatives of Local 9, and that the officers be appropriately disciplined, including and up to, permanent suspension from membership and fines as deemed appropriate by the Hearing Officer.

Respectfully submitted,

*[signature]*

Lorraine Riley

*[signature]*

Eileen Ridge

Case 1:04-cv-10488-JLT    Document 2    Filed 03/10/2004    Page 10 of 16



**Local 9 SEIU**
Stronger Together

Lorraine Riley
Interim President

Eileen Ridge
Interim
Secretary
Treasurer

145 Tremont Street
Suite 202
Boston, MA 02111
Telephone: 617.482.4471
Fax: 617.482.6521

March 2, 2004

Anna Burger, Secretary Treasurer
SEIU, AFL-CIO
1313 L. Street, N.W.
Washington, D.C. 20005

Re:   **SEIU Local 9**

Dear Ms. Burger:

The purpose of this letter is to supplement the Charges submitted to you on or about February 17, 2004 against Mary Ellen Costa and Roberta A. Sullivan.

We are supplementing the charges as follows:

17. Supplementing the allegations in Paragraph 14 of the original charges, we have gained access to the Local 9 bank account records, without any cooperation from the former leadership of SEIU Local 9, and it reveals a disturbing pattern of expenditures. In addition to the two checks issued to cash for $5,000 each on January 23 and January 30, 2004, checks were issued to cash in December 2003 in the amount of $5,000 twice with regards to check number 1025 and 1026. On December 22, 2003 check 290 signed by Roberta Sullivan and Mary Ellen Costa was issued to cash in the amount of $7,072.31. These checks to cash appear to be unauthorized expenditures that are made in a way that it is impossible to document their purpose and raise substantial issues as to the purpose of the disbursement of these funds.

18. Moreover, there is a pattern of substantial disbursements into the Local Union's former law firm that suggests that expenditures were for matters that do not fall within the scope of the Local's representation, but appear provide legal representation to individual union officers in order to advise them for purposes that are inconsistent with their responsibilities as Local union officials and for purposes of maintaining their personal political position within the union. For example, the law firm (Norton & Paven) was paid checks in the following amounts:

Exhibit Z, Page 6

| Date | Amount |
|---|---|
| • 10/22/03 | $3,562.50 |
| • 11/21/03 | $2,000.00 |
| • 11/  /03 | $1,387.50 |
| • 12/5/03 | $2,625.00 |
| • 12/  /03 | $5,000.00 |
| • 1/20/04 | $6,000.00 |
|  | $20,575.00 |

We have requested our records from the Local's former law firm in writing, and, at the present time, the law firm has refused to respond to our requests. We have also recently requested the firm provide us with copies of their bills to the Local.

19. At date of this writing the charged parties, Costa and Sullivan, continue to refuse to provide the new union leadership with all union records that enable it to properly represent its members and in fact this failure to act by the charged parties continues to jeopardize our local members. In at least one case, Boston Medical Center has claimed that a grievance pending should be dismissed because it was not timely filed to the next step in the grievance arbitration process. This member would have been deprived of her rights to appeal a grievance to the next step, but for the fact that our local counsel submitted a letter to Boston Medical Center requesting that all grievances be moved to the next step in light of the fact that the former leadership has failed to provide the information requested. The conduct of the former local leadership, Costa and Sullivan, continue to undermine the ability of the interim officers to properly represent the membership. Just a few days ago we received a partial and untimely response to our request.

20. Costa and Sullivan signed numerous checks to themselves for significant sums of money and checks to others and to cash. They appear to have made these disbursements without proper authorization from any elected officer or other members. The payments to Costa were:

| Date | Amount |
|---|---|
| • 11/29/03 | $3,433.89 |
| • 12/4/03 | $3,627.93 |
| • 12/5/03 | $2,667.97 |
| • 12/5/03 | $2,667.97 |
| • 12/5/03 | $2,667.97 |
| • 1/7/04 | $  441.55 |
|  | $18,175.25 |

These numbers are based on a preliminary review, but raise serious issues of unwarranted and unjustified compensation even if authorized.

21. We submit that all the allegations that we have submitted in the original submission and the supplemental submission violate article XVII, Section 1 (1) - (9), and please be advised further that we are invoking the Internationals jurisdiction pursuant to article XVII section 2 (f).

    We've enclosed a duplicate copy of these charges as well as a duplicate of the original charges filed with you and a copy of the supplemental charges along with a copy of the original charges all of which have been served on Ms. Costa and Ms. Sullivan, by certified mail, regular mail and fax to their last known address.

Sincerely,

*[signature]*
Lorraine Riley

*[signature]*
Eileen Ridge

cc:    Norman Gleichman, Esq.
        Mary Ellen Costa
        Roberta Sullivan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| Mary Ellen Costa and Roberta Sullivan, Individually and on behalf of the members of Local 9 of the Service Employees International Union, <br><br>*Plaintiffs* <br><br> v. <br><br> The Service Employees International Union, <br><br>*Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## AFFIDAVIT OF MARY ELLEN COSTA

I, Mary Ellen Costa, on oath depose and say:

1. I am a Plaintiffs in the above entitled matter.

2. I have been notified by the SEIU that I have been charged and will be tried for alleged offenses against the International as a result of my responses and reactions to the SEIU's removal of me from office, my opposition to the officers appointed by the SEIU after their removal, and my objections to the SEIU's attempt to control the process of creating a local constitution and bylaws and the its refusal to review and approve the proposed Local 9 Constitution and Bylaws submitted on December 17, 2003.

3. The trial is scheduled for March 15, 2004, at 5:00 PM, and will be conducted by Christine Boardman, a hearing officer appointed by the SEIU President, who will ultimately make the determination on the validity of the charges and the discipline that will be administered

1

in the event of guilty finding.

4. The trial is to be conducted outside of the jurisdiction of the Local union, under the same provisions of the SEIU Constitution and Bylaws as the prior trial against the Plaintiffs, which is contrary to the International Constitution and Bylaws except where the president should determine that the charges involve a situation which may seriously jeopardize the local union, or that the hearing procedure will not completely protect the interests of a member, officer or local. In this case, it is my belief that the International has retained jurisdiction only because the International President and Representatives know that the I would not be convicted in a trial before the Local 9 membership.

7. I anticipate based upon my dealings with and my treatment from President Stern and other International representatives and officers as alleged in their Verified Complaint, and because President Stern, on the basis of a report and recommendation from Christine Boardman, will again be the ultimate decision maker, that I will be found guilty of the charges, and will be discharged from membership in Local 9, and that I will then be unable to run for a local union office, which I believe is the International's ultimate goal.

SIGNED UNDER THE PAIN AND PENALTY OF PERJURY.

3/9/04
Date

_Mary Ellen Costa_
Mary Ellen Costa

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. _____

| | |
|---|---|
| Mary Ellen Costa and Roberta Sullivan, Individually and on behalf of the members of Local 9 of the Service Employees International Union,<br><br>*Plaintiffs*<br><br>v.<br><br>The Service Employees International Union,<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF ROBERTA SULLIVAN**

I, Roberta Sullivan, on oath depose and say:

1. I am a Plaintiffs in the above entitled matter.

2. I have been notified by the SEIU that I have been charged and will be tried for alleged offenses against the International as a result of my responses and reactions to the SEIU's removal of me from office, my opposition to the officers appointed by the SEIU after their removal, and my objections to the SEIU's attempt to control the process of creating a local constitution and bylaws and the its refusal to review and approve the proposed Local 9 Constitution and Bylaws submitted on December 17, 2003.

3. The trial is scheduled for March 15, 2004, at 5:00 PM, and will be conducted by Christine Boardman, a hearing officer appointed by the SEIU President, who will ultimately make the determination on the validity of the charges and the discipline that will be administered

in the event of guilty finding.

4. The trial is to be conducted outside of the jurisdiction of the Local union, under the same provisions of the SEIU Constitution and Bylaws as the prior trial against the Plaintiffs, which is contrary to the International Constitution and Bylaws except where the president should determine that the charges involve a situation which may seriously jeopardize the local union, or that the hearing procedure will not completely protect the interests of a member, officer or local. In this case, it is my belief that the International has retained jurisdiction only because the International President and Representatives know that the I would not be convicted in a trial before the Local 9 membership.

7. I anticipate based upon my dealings with and my treatment from President Stern and other International representatives and officers as alleged in their Verified Complaint, and because President Stern, on the basis of a report and recommendation from Christine Boardman, will again be the ultimate decision maker, that I will be found guilty of the charges, and will be discharged from membership in Local 9, and that I will then be unable to run for a local union office, which I believe is the International's ultimate goal.

SIGNED UNDER THE PAIN AND PENALTY OF PERJURY.

3/9/04
Date

Roberta Sullivan